IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN E. WALTSAK,            )
        Plaintiff,             )
                               )
     v.                        )   Civil Action No. 04-0191
                               )
SHIELD ENVIRONMENTAL           )
ASSOCIATES, INC.,              )
        Defendant.             )


MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                              March 17, 2006

        This is an action in employment discrimination on the basis
of age.  Plaintiff, Stephen E. Waltsak, alleges that defendant,
his former employer Shield Environmental Associates, Inc.,
discharged him in violation of the Age Discrimination in
Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634
("ADEA").  Plaintiff seeks money damages and equitable relief.

        Defendant has filed a motion for summary judgment arguing
that defendant is not an "employer" within the meaning of the
ADEA.  Defendant further argues that plaintiff's evidence of
record fails to establish a prima facie case of age
discrimination.

For the reasons set forth below, the motion will be granted.[1]

I.   BACKGROUND

Except where indicated, the following material facts are undisputed.  Plaintiff was employed as a mid-upper level employee by defendant from August 6, 1999 through August 24, 2001.  On August 24, 2001, the date of his discharge, plaintiff was forty-six years old.  Plaintiff contends that he was discharged due to his age.  Defendant contends that plaintiff's age played no part in its decision, but rather the discharge resulted from inappropriate behavior with customers and plaintiff's lack of productivity on the job.  Specifically, defendant contends that plaintiff's billable hours did not meet its goals and expectations for plaintiff's position.

Plaintiff has a bachelor's degree in geology and a bachelor's degree in civil engineering and had been employed as a geologist for twenty-two years and as an engineer for ten years before joining defendant.  Defendant is in the engineering and environmental consulting business.  Upon hire, plaintiff was assigned to defendant's Monroeville, Pennsylvania office.  This

---

[1]     In light of our decision herein, plaintiff's motion for partial summary judgment (document no. 29) is moot.

was a relatively small office and during plaintiff's tenure, it never employed more than twelve persons. One of plaintiff's co-workers was Chuck Peterman, a geologist. Although the record does not reflect formal job titles, it appears from the record that Mr. Peterman's job description, duties, and responsibilities were the same as or substantially similar to those of plaintiff's. Both Mr. Peterman's and plaintiff's job duties involved task management, writing proposals and reports, overseeing the work of others, working on projects with junior staff on tasks that required two persons, mentoring junior staff, and teaching them how to accomplish the tasks. Mr. Peterman, who is three years older than plaintiff, left the company in January of 2002 for reasons unrelated to this lawsuit. Other than Mr. Peterman, the record does not reflect that there were any other individuals in the Monroeville office similarly situated to plaintiff in terms of job duties and responsibilities.

Within six months after plaintiff was discharged, and within one month after Mr. Peterman voluntarily left the company, plaintiff hired two new employees, Ms. Joyce O'Connor, a geologist, and Mr. Vincent Ou, an engineer. Both were approximately the same age as plaintiff, their education and experiences were similar to plaintiff's, and defendant assigned

3

them in the same mid-upper level range as were Mr. Peterman and plaintiff.  During plaintiff's tenure, defendant also hired four other employees, either engineers or geologists, who were approximately twenty years younger than plaintiff.  These were entry-level employees and their salaries ranged between $27,000 and $30,000.  At the time of his discharge plaintiff's salary was approximately $48,000.

II.  <u>STANDARD OF REVIEW</u>

The court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is "material" only if it might affect the outcome of the case under the governing substantive law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Factual disputes concerning issues that are irrelevant to the outcome of the case are, therefore, not considered.  <u>Id</u>. at 248.  Factual disputes must also be "genuine" in that the evidence presented must be such "that a reasonable jury could return a verdict in favor of the non-moving party."  <u>Id</u>.

4

A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990). Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial. Id. If the non-moving party does not respond in this manner, the court, when appropriate, shall grant summary judgment. Fed. R. Civ. P. 56(e).

With these concepts in mind, the court turns to the merits of defendant's motion.

III. DISCUSSION

Defendant has moved for summary judgment on two independent bases. First, defendant contends that it is not an employer within the meaning of the ADEA because at no time material to this action did it employ twenty or more individuals. Resolution of this issue would depend on whether defendant and other affiliated companies should be treated as a single entity under the guidelines set forth in Nesbitt v. Beers Unlimited, 347 F.2d 72 (3d Cir. 2003). Because we find that defendant is entitled to

summary judgment on its second argument, we set aside this issue without resolving it, and simply assume that defendant is an employer.

Defendant's second argument is that plaintiff's evidence, even viewed in the light most favorable to plaintiff, fails to set forth a <u>prima facie</u> case of age discrimination.  For the following reasons we agree with defendant and will grant summary judgment in favor of defendant and dismiss the case.

We apply the familiar three-step <u>McDonnell Douglas</u> burden shifting scheme to claims of discharge under the ADEA where, as here, a plaintiff does not offer direct evidence of discrimination.  <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  In the first step, plaintiff must make out a <u>prima facie</u> case.  If he fails to do so, defendant is entitled to judgment as a matter of law.  <u>Keller v. Orix Credit Alliance, Inc.</u>, 130 F.3d 1101, 1108 (3d Cir. 1997).

If he does, a presumption of discrimination arises and the burden shifts to defendant to produce evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the discharge.  If defendant carries this burden, the presumption drops out and plaintiff must submit evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or

(2) believe that an invidious discriminatory reason was more likely than not a determinative cause of the discharge. <u>Keller</u>, 130 F.3d at 1108.

In an ordinary employment case under the ADEA to establish a <u>prima</u> <u>facie</u> case of age discrimination at the first step of the <u>McDonnell Douglas</u> burden shifting framework  plaintiff must show that he:  (1) was a member of the protected class, i.e., was over 40; (2) was qualified for the position; (3) was discharged; and (4)  "'under circumstances that give rise to an inference of unlawful discrimination.'" <u>Waldron v. SL Industries, Inc.</u>, 56 F.3d 491, 494 (3d Cir. 1995) (quoting <u>Tex. Dept. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981)).

The fourth prong is flexible, and thus courts do not employ the same test for every factual situation.  "One <u>prima</u> <u>facie</u> standard cannot apply 'in every respect to differing factual situations.'" <u>Matczak v. Frankford Candy & Chocolate Co.</u>, 136 F.3d 933, 940 (3d Cir. 1997) (quoting <u>McDonnell Douglas</u>, 411 U.S. at 802 n.13).  "The nature of the required showing to establish a <u>prima</u> <u>facie</u> case of disparate treatment by indirect evidence depends on the circumstances of the case." <u>Marzano v. Computer Science Corp. Inc.</u>, 91 F.3d 497, 503 (3d Cir. 1996) (internal quotations omitted).

There is no dispute here that plaintiff has satisfied the first three elements.  Thus, the only issue is whether plaintiff is able to present sufficient evidence, which, if believed, could convince a reasonable factfinder that he was terminated "under circumstances that give rise to an inference of unlawful discrimination."  Waldron, 56 F.3d at 494.

Plaintiff does not contend nor has he presented any evidence showing that his position was ultimately filled by a person sufficiently younger to raise an inference of discrimination,[2] which is the common way for plaintiffs to create

_____

[2]    The Court of Appeals for the Third Circuit has been somewhat unclear in what is required of plaintiff to establish the fourth element of an ADEA discharge case.  Several panels have held that in a discharge case under the ADEA to establish a prima facie case of age discrimination "plaintiff must show that he or she . . . (4) ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination."  Monaco v. American General Assur. Co., 359 F.3d 296, 300 (3d Cir. 2004).  See also Harding v. CareerBuilder LLC, No. 05-1934, 2006 WL 460896 at *1 (3d Cir. Feb. 27, 2006)("The plaintiff must first make out a prima facie case by showing that he or she . . . (4) was replaced with someone sufficiently younger to create an inference of age discrimination"); Benjamin v. E.I. DuPont De Nemours Co., 75 Fed. Appx. 65, 67 (3d. Cir. 2003)(". . . the prima facie case requires proof . . . (iv) that the plaintiff was replaced by a sufficiently younger person to create an inference of age discrimination); Killen v. Marketing Comm. Sys., Inc., 66 Fed. Appx. 293, 295 (3d Cir. 2003)(same).  Other panels have held that it is not necessary for plaintiff to establish that he was replaced by someone sufficiently younger in order to make a prima facie case.  Evans v. Pennsylvania Power & Light Co., 98 Fed. Appx. 151, 154 (3d Cir. 2004)(plaintiff need not show he was replaced by a sufficiently younger but rather ". . . a complainant can satisfy the fourth prong of her prima facie

(continued...)

an inference of age discrimination.  Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1066 n.5 (3d Cir. 1996) (citing Waldron, 56 F.3d at 494).  (It is just as well, because the record is unrefuted that the two midlevel employees--Ms. O'Connor and Mr. Ou--hired after plaintiff was discharged and Mr. Peterman resigned, were approximately his same age.)  Nor has plaintiff argued that some similarly-situated younger employee with the same shortage of billable hours was not discharged.  Nor has he offered statistical evidence showing discriminatory patterns.

Plaintiff contends, however, that he has satisfied the fourth element by contending that "his discharge for underutilization was pretextural so as to give rise to an inference of discrimination."  See Plaintiff's Brief In Opposition to Shield's Environmental Associates, Inc.'s Motion For Summary Judgement, p. 7.

Plaintiff has confused the order of the mechanisms of the McDonnell Douglas shifting burden of proof scheme.  His attempt to meet the fourth element of the prima facie case by asserting

---

(...continued)
case simply by showing that, as here, the employer had a continued need for someone to perform the same work after the complainant left").  See also Grabosky v. Tammac Corp., 127 F.Supp.2d 610, 619 (M.D. Pa. 2000) ("it is not necessary for plaintiff to demonstrate that he or she was replaced by a younger person as part of a prima facie age discrimination case")(citing Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 354 (3d Cir. 1999)).

that defendant's proffered reason is pretextual is without merit.
Defendant's proffered legitimate business reason and whether that
reason is worthy of belief does not come into play in the
McDonnell Douglas analysis until plaintiff has first established
the prima facie case.  It is then, and only then, that the burden
shifts to defendant to advance a legitimate business reason for
its decision.  Restated, defendant does not even have to assert
a legitimate business reason for its conduct, until after
plaintiff has first established the elements of the prima facie
case.  None of the authorities cited by plaintiff in support of
his argument hold that whether defendant's proffered reason is
worthy of belief is a part of the prima facie case or can be
substituted for the fourth element of the prima facie case.

It is, of course, well settled that a prima facie case,
coupled with a finding that the proffered reason is unworthy of
belief, may raise an inference of discrimination sufficient for
a jury to find for plaintiff.  Kautz v. Met-Pro Corp., 412 F.3d
463, 467 (3d Cir. 2005).  But that principle is a far cry from
what plaintiff is attempting to do here.  The authorities
plaintiff cited in support of his argument are either
distinguishable on the facts, the language asserted was taken out
of context, or otherwise do not support his position.

In summary, because plaintiff has failed to establish evidence on the record that would establish all four elements of a <u>prima</u> <u>facie</u> case, defendant's motion for summary judgment is granted.  The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEPHEN E. WALTSAK,                    )
          Plaintiff,                   )
                                       )
          v.                           )   Civil Action No. 04-0191
                                       )
SHIELD ENVIRONMENTAL                   )
ASSOCIATES, INC.,                      )
          Defendant.                   )

<u>ORDER</u>

AND NOW, this 17th day of March, 2006, upon consideration of defendant Shield Environmental Associates, Inc.'s motion for summary judgment [document no. 23] and brief in support and opposition, IT IS HEREBY ORDERED that motion is GRANTED.

BY THE COURT:


<u>s/Gary L. Lancaster</u>, J.
The Honorable Gary L. Lancaster,
United States District Judge

cc:   All Counsel of Record

12